Sealed

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-24595 CV AJ

FILED by _____ D.C.

DEC 22 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. - MIAMI

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

Undetermined quantities of all articles of dental device, including all components, parts, and accessories, with any lot number, size, or type of container, labeled in part with the name of Rite-Dent Manufacturing Corporation, and labeled in part:

"*** composite restorative material ***"

and

"*** ALGINATE DENTAL IMPRESSION MATERIAL ***"

and

"*** Ultra Impression System ***"

and

"*** Rite-Copal ***"

and

"*** CHEMICAL CURE ***ENAMEL BONDING SYSTEM ***"

and

"*** NEW IMPROVED ZINC PHOSPHATE CEMENT *** POWDER ***"

and

"*** NEW IMPROVED ZINC PHOSPHATE CEMENT *** Liquid ***"

and

"*** pit & fissure Chemical Curing Sealant ***"

and

"*** PIT & FISSURE LIGHT CURING SEALANT"

**and**

**"*** POLYCARBOXYLATE CEMENT *** POWDER ***"**

**and**

**"*** Polycarboxilate Cement *** LIQUID ***"**

**and**

**all other articles of dental device, including all components, parts, and accessories of any lot number, size, or type of container, whether labeled or unlabeled, and are located anywhere on the premises of Rite-Dent Manufacturing Corp., Hialeah, FL or elsewhere within the jurisdiction of the Court,**

        **Defendants.**

_____/

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

COMES NOW the United States of America by Wifredo A. Ferrer, United States Attorney for the Southern District of Florida, and shows to the Court:

### NATURE OF THE ACTION

1. That this Complaint is filed by the United States of America, and requests seizure and condemnation of articles of device, as described in the caption, in accordance with the Federal Food, Drug, and Cosmetic Act (Act), 21 U.S.C. 301 et seq.

2. That there are at Rite-Dent Manufacturing Corp., 3750 East 10th Court, Hialeah, Florida, or elsewhere within the jurisdiction of this Court, articles of device, as described in the caption, which articles consist in whole or in part of components, parts, and accessories that were shipped in interstate commerce from outside the state of Florida.

- 2 -

## JURISDICTION AND VENUE

3. Plaintiff brings this action <u>in rem</u> in its own right to condemn and forfeit the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. 1345 and 21 U.S.C. 334, which provide the Court with jurisdiction over seizures brought under the Act.

4. That this Court has <u>in rem</u> jurisdiction over the defendant property because the defendants are located in the Southern District of Florida. Upon filing of the complaint, the plaintiff requests the Court issue an arrest warrant <u>in rem</u> pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to Supplemental Rule G(3).

5. That venue is proper in this district pursuant to 28 U.S.C. 1395(b) and 21 U.S.C. 334(a)(1) because the articles are located at Hialeah, Florida, which is a place within the Southern District of Florida.

## BASIS FOR FORFEITURE

6. The defendant articles are "devices" within the meaning of the Act, 21 U.S.C. 321(h)(2).

7. The defendant articles of device (all lots) are adulterated within the meaning of the Act, 21 U.S.C. 351(h) in that the methods used in, and the facilities and controls used for, their manufacture, packing, storage, and installation are not in conformity with current good manufacturing practice (GMP) requirements for devices as set forth in the Quality System (QS) regulation promulgated under 21 CFR Part 820.

8. Additionally, the Alginate Dental Impression Material is misbranded under 21 U.S.C. 352(t)(2) in that Rite-Dent failed to furnish material or information required by or under 21 U.S.C. 360i, specifically a report of correction and removal initiated to reduce a risk to health posed by the device was not submitted to the United States Food and Drug Administration (FDA) as required by 21 CFR 806.10(a)(1).

9. Moreover, the Ultra Impression System is

    a. further adulterated within the meaning of 21 U.S.C. 351(f)(1)(B) in that it is a class III device under 21 U.S.C. 360c(f), and does not have an approved application for pre-market approval in effect pursuant to 21 U.S.C. 360e(a), or an effective investigational device exemption under 21 U.S.C. 360j(g); and

b.     misbranded within the meaning of 352(o) because a notice of intent to introduce the device into commercial distribution or other information respecting the device was not provided to the FDA as required by 21 U.S.C. 360(k).

## FACTS

10.    On September 9-21, 2005, FDA conducted an initial inspection of Rite-Dent that resulted in a Warning Letter issued on December 2, 2005. The firm was cited for significant violations from the current GMP requirements and medical device reporting (MDR) regulations, 21 CFR 820 and 803, causing the devices to be adulterated within the meaning of 21 U.S.C. 351(h) (QS) and misbranded within the meaning of 21 U.S.C. 352(t)(2) (MDR). The firm promised to hire a consultant and to correct all the deficiencies. However, as evidenced in subsequent inspections of Rite-Dent, while Rite-Dent hired a consultant, there has been little voluntary compliance.

11.    Subsequent to the September 2005 inspection, FDA conducted an inspection of Rite-Dent from March 22 through March 23, 2010, that revealed continuing and similar significant deviations from the current GMP requirements, and the firm's failure to submit to FDA a report of correction or removal conducted to reduce a risk to health posed by a device as required by 21 CFR 806.10(a)(1).

12.    FDA again conducted an inspection of Rite-Dent from May 19 through July 8, 2010. That inspection revealed continuing and similar significant violations of the current GMP requirements, including, but not limited to, the following:

a.    Process control procedures that describe any process controls necessary to ensure conformance to specifications have not been adequately established [21 CFR 820.70(a)];

b.    Procedures for design control have not been established [21 CFR 820.30(a)];

c.    Procedures for corrective and preventive actions have not been adequately established [21 CFR 820.100(a)];

d.    Procedures for quality audits have not been adequately established [21 CFR 820.22];

e.    The device history record does not demonstrate that the device was manufactured in accordance with the master device record [21 CFR 820.184]; and

  f. A correction and removal, conducted to reduce a risk to health posed by a device, was not reported in writing to FDA [21 CFR 806.10].

13. The most recent FDA inspection of Rite-Dent conducted November 9 through November 16, 2010, confirmed continuing significant violations of the current GMP requirements, including, but not limited to the following:

  a. Procedures for design control have not been established [21 CFR 820.30(a)];

  b. Procedures for corrective and preventive action have not been adequately established [21 CFR 820.100(a)];

  c. Procedures for acceptance activities have not been adequately established [21 CFR 820.80(a)]; and

  d. Production processes were not developed, conducted, controlled and monitored to ensure that a device conforms to its specifications [21 CFR 820.70(a)]. The November 2010 inspection also confirmed that Rite-Dent had sold the Ultra Impression System without an approved application for pre-market approval or an investigational device exemption in effect.

14. That by reason of the foregoing, the defendant articles are held illegally within the jurisdiction of this Court and are liable to seizure and condemnation.

15. Specifically, the defendant articles subject to seizure are (a) those articles specifically identified on pages 8 through 19 of FDA's Establishment Inspection Report (November EIR), start date November 9, 2010, end date November 16, 2010, the relevant pages are attached hereto as Exhibit A, and (b) any other articles not identified in the November EIR to the extent that such articles are the same type as any of the defendant articles identified because such articles are also adulterated within the meaning of the Act, 21 U.S.C. 351(h) in that the methods used in, and the facilities and controls used for, their manufacture, packing, storage, and installation are not in conformity with current good manufacturing practice (GMP) requirements for devices as set forth in the Quality System (QS) regulation promulgated under 21 CFR Part 820.

We request that: (a) a warrant of arrest be issued against the defendant articles; (b) all persons having any interest in the defendant articles be cited to appear herein and answer the allegations of this Verified

Complaint; (c) this Court decree the condemnation of the defendant articles and grant plaintiff the costs of this proceeding against the claimant of the defendant articles; (d) the defendant articles be disposed of as this Court may direct pursuant to the provisions of the Act; and (e) plaintiff have such other and further relief as the case may require.

Dated: December 22, 2010

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: *s/Marlene A. Fernandez-Karavetsos*
MARLENE A. FERNANDEZ-KARAVETSOS
Assistant United States Attorney
Florida Bar No.: 187569
Marlene.Fernandez-Karavetsos@usdoj.gov
99 N.E. 4th Street, Third Floor
Miami, Florida 33132
Tel: (305) 961-9341
Fax: (305) 530-7139
*Counsel for the United States of America*

## VERIFICATION

I, Dawn M. McCabe, of full age, declare and state as follows:

1. I am a Consumer Safety Officer with the Florida District Office, U.S. Food and Drug Administration, Department of Health and Human Services.

2. I have read the foregoing Complaint for Forfeiture In Rem and the allegations contained therein are true according to the best of my knowledge, information and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 22nd day of December, 2010.

*[signature]*
Dawn M. McCabe
Consumer Safety Officer
U.S. Food and Drug Administration